UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.
RYAN CONTO,

                                Plaintiff,                  **COMPLAINT**

                -against-

STEAK N SHAKE INC. d/b/a STEAK 'N SHAKE    **PLAINTIFF DEMANDS A TRIAL BY JURY**

                              Defendant.
------------------------------------------------------------------X

      Plaintiff, RYAN CONTO, by his attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff RYAN CONTO brings this action charging that Defendant violated the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.* and seeks damages to redress the injuries Plaintiff has suffered as a result of gender discrimination (sexual harassment).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as the actions giving rise to this matter occurred within the Southern District of New York.

1

## PARTIES

4. Plaintiff RYAN CONTO ("CONTO") is a resident of the State of New York, County of Queens.

5. Defendant STEAK N SHAKE INC. d/b/a STEAK 'N SHAKE ("STEAK 'N SHAKE") is an active foreign business corporation duly organized and existing under, and by the virtue of, the laws of the State of Indiana, with its principal executive office located at 107 S. Pennsylvania Street, Suite 400, Indianapolis, Indiana 46204.

6. At all times material, Defendant STEAK 'N SHAKE owned and/or operated a restaurant located at 1695 Broadway, New York, New York 10019, where the discriminatory conduct alleged herein took place.

7. At all times relevant, Plaintiff CONTO was an employee of Defendant STEAK 'N SHAKE's restaurant located at 1695 Broadway, New York, New York 10019, holding the title of Dressing Table Operator.

## MATERIAL FACTS

8. Plaintiff CONTO began his employment with Defendant as a Dressing Table Operator on or about August 15, 2014. Plaintiff's annual salary was approximately $11,000.

9. Plaintiff CONTO's work environment became permeated with hostility towards his gender when Plaintiff's supervisor, General Manager Ryan Weller, began to subject Plaintiff to sexual harassment on a regular basis.

10. At all times material, Mr. Weller was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Mr. Weller had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

2

11. In August 2014, soon after Plaintiff CONTO began his employment with the Defendant, Mr. Weller began to make unwelcomed and unwanted sexual remarks towards Plaintiff such as "You're adorable" and "You're the only good looking kid that works here."

12. In or around September 2014, Mr. Weller began winking at Plaintiff CONTO whenever Plaintiff looked in Mr. Weller's direction.

13. Starting in October 2014, Mr. Weller began calling Plaintiff CONTO "gay." Plaintiff made it clear to Mr. Weller that he was not gay. However, Mr. Weller insisted, "No, you're gay. Stop lying." Mr. Weller then continued to subject Plaintiff CONTO to unwanted sexual advances.

14. By way of example, in or around November 2014, Mr. Weller told Plaintiff CONTO's co-worker, Mannix, that Plaintiff was "cute," in Plaintiff's presence.

15. As Plaintiff CONTO continued to reject Mr. Weller's sexual advances, Mr. Weller became hostile towards Plaintiff. Therefore, in or around January 2015, Plaintiff CONTO attempted to avoid Mr. Weller as he felt extremely uncomfortable with the way Mr. Weller treated him.

16. However, in or around March 2015, Plaintiff CONTO felt that he should receive a raise and requested one. **When Plaintiff CONTO asked Mr. Weller for a raise, Mr. Weller responded that Plaintiff would have to give him a "blowjob" in order to get the raise.** Plaintiff felt completely humiliated by Mr. Weller's *quid pro quo* sexual proposal.

17. Rejected by Plaintiff CONTO, in or around April 2015, Mr. Weller began to taunt Plaintiff by calling him "cross-eyed" in the presence of his co-workers. Furthermore, Mr. Weller repeatedly called Plaintiff "spaghetti cock," "spick" and "idiot."

18. Exhausted by the hostility he faced on a regular basis, Plaintiff CONTO asked Mr. Weller to change his schedule so he could work only Fridays and Saturdays so as to avoid working the

same shifts as Mr. Weller. From July 2015 until December 2015, Plaintiff CONTO did not work on the same shifts as Mr. Weller.

19. However, Plaintiff CONTO asked Mr. Weller to work more shifts and inevitably began working with Mr. Weller again in or around January 2016. At this time, Mr. Weller resumed his sexual harassment of Plaintiff CONTO by subjecting Plaintiff to more unwanted and unwelcomed sexual comments and advances.

20. By way of example, on January 13, 2016, when Plaintiff CONTO advised Mr. Weller via electronic text message that he was running late for work, Mr. Weller responded, "You better be naked when you come in then."

21. Furthermore, on or about January 23, 2016, Mr. Weller asked Plaintiff CONTO to send him pictures of his penis.

22. Moreover, on one occasion, Mr. Weller told Plaintiff that he left something in the break room. When Plaintiff asked him what he left in the breakroom, Mr. Weller responded, "a blowjob."

23. Mr. Weller continued to make comments regarding Plaintiff CONTO's penis in May 2016 when, again, he repeatedly referred to Plaintiff's penis as a "spaghetti cock."

24. Although Plaintiff CONTO told Mr. Weller numerous times that, as a heterosexual male, he did not welcome his sexual advances, Mr. Weller continued to subject Plaintiff to persistent sexual harassment.

25. By way of example, on or about June 27, 2016, Plaintiff CONTO asked Mr. Weller whether he needed someone to work the next day. Mr. Weller responded, "You getting that dick out." Offended and humiliated Plaintiff CONTO replied, "Can you stop. I'm being serious." Making it clear that his request was also serious, Mr. Weller retorted, "So was I! I can't just

make up hour and get yelled at for free!"

26. By way of further example, in or around July 2016, Mr. Weller told Plaintiff that he had a "nice ass" and forcefully tickled and wrestled Plaintiff CONTO when they were in the stock room together.

27. In or around August 2016, Plaintiff CONTO felt that he had no choice but to resign from his employment with Defendant.

28. Plaintiff CONTO was unlawfully discriminated against, humiliated, degraded, victimized and embarrassed.

29. Defendant's actions and conduct were intentional and intended to harm Plaintiff CONTO.

30. As a result of the acts and conduct complained of herein, Plaintiff CONTO has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and emotional distress, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

31. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against the Defendant.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

32. Plaintiff CONTO repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

33. New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ

or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

34. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff CONTO because of his gender (sexual harassment).

## SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

35. New York City Administrative Code § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        i. the employee or agent exercised managerial or supervisory responsibility; or

        ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        iii. the employer should have known of the employee's or agent's discriminatory conduct

6

and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

36. Defendant STEAK N SHAKE violated the section cited herein.

## JURY DEMAND

37. Plaintiff CONTO hereby requests a jury trial.

**WHEREFORE**, Plaintiff CONTO respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the New York City Administrative Code § 8-107 in that Defendant subjected Plaintiff to gender discrimination (sexual harassment);

B. Awarding damages to Plaintiff CONTO for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff CONTO compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff CONTO punitive damages;

E. Awarding Plaintiff CONTO attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F.    Awarding Plaintiff CONTO such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
       November 10, 2016

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                                        _____
                                        **Joshua P. Frank, Esq.**
                                        **Dorina Cela, Esq.**
                                        _Attorneys for Plaintiff_
                                        45 Broadway, Suite 620
                                        New York, NY 10006
                                        (212) 248-7431 (telephone)
                                        jfrank@tpglaws.com
                                        dcela@tpglaws.com